## Marlowe & Iwaya Company v. Lehigh Star Bedding Company.

*Orrin E. Boyle*, for plaintiff and rule; *Groman & Rapoport*, for defendant.

Reno, P. J., March 11, 1929.—Defendant is a corporation, and its president, in its affidavit of defense, avers that he is president, is familiar with the facts of the case, is authorized to make the affidavit, and that the corporation has a just, true and legal defense to the whole of plaintiff's claim. Contending that, in addition to these averments, the affiant should have averred that the facts set forth in the affidavit were true, the plaintiff seeks a judgment for want of a sufficient affidavit of defense.

This, then, is an objection to the form of the pleading and should have been and must be stated as a rule to strike off the offensive pleading. The sufficiency of an affidavit, if the alleged defect consists in matter of form (that is, its failure to conform to the requirements of the Practice Act of May 14, 1915, P. L. 483), must be tested by a rule to strike off. A rule for judgment for want of a sufficient affidavit of defense "is in effect like a statutory demurrer to a statement of claim. It admits the facts set forth in the affidavit of defense, but denies their sufficiency in law as a defense to the claim. The rule for judgment does not raise any question of defect of form; for such defects are waived by this method of attack on the substance of the defense:" Amram, "Pennsylvania Practice Act of 1915," page 214.

This conclusion will not be construed as an approval of the form of the affidavit of defense. It is unskillfully drawn and, upon proper motion, would have been stricken off.

Now, March 11, 1929, rule for judgment for want of a sufficient affidavit of defense is discharged.

From Edwin L. Kohler, Allentown, Pa.